Mitchell *v.* Clark et al.

---

---

HEMAN MITCHELL *v.* CLARISSA CLARK AND ELIAS HODGDEN.

[IN CHANCERY.]

*Mortgage.    Promissory Note.*

If the holder of a promissory note endorse it to a third person and give the latter a mortgage to secure the payment of the note, the mere failure of the mortgagee to charge the endorser upon the note by presentment and notice of non-payment, will not release the land from the burden of the mortgage.

To produce that effect there must have been, in addition to the failure to charge the endorser upon the note, such conduct on the part of the mortgagee as would prevent or hinder the mortgagor from collecting the note of the maker.

PETITION to foreclose a mortgage executed by the defendant Clark to the petitioner. The condition of this mortgage was in the following words : " Provided that if the said Clarissa Clark shall well and truly pay or cause to be paid a certain promissory note for one hundred and sixty dollars, signed May 1st, 1858,

by James Darling, payable on demand, according to the tenor thereof, then this instrument to be void, otherwise of force." It appeared that this note was given by Darling to the defendant Clark, and was payable to her or bearer, and that she afterwards transferred it to the petitioner in part payment for the mortgaged premises. At the time of the transfer of the note she endorsed it as follows, " pay Heman Mitchell the within note, Clarissa Clark." After the mortgage the defendant Hodgden took a conveyance of the premises from the defendant Clark.

Testimony was taken by both parties to prove and disprove any presentment of the note for payment at maturity and notice to the endorser, which, under the decision of the court, it becomes immaterial to report.

The chancellor rendered a decree of foreclosure for the petitioner, to which the defendants excepted.

*H. R. Beardsley*, for the defendants.

*H. S. Royce*, for the petitioner.

BARRETT, J. The mortgage is conditioned for the payment of the note which Darling had executed to Mrs. Clark as payee, and which she transferred to the orator in part payment for the mortgaged premises, endorsed in the common form, as upon the transfer of a negotiable note.

By the transaction the orator became the owner of the note, and by the mortgage the property became pledged for its payment. The orator is clearly entitled to enforce the security provided by the mortgage, unless the condition has been performed by the payment of the note, or he has done that which should preclude him from enforcing it.

The note has not been paid to him by the maker or any body else.

But it is claimed that his course in reference to it has been such as to disentitle him to enforce the mortgage against Mrs. Clark.

It is claimed in the language of the defendants' counsel, that he has made the note his own ; and this, solely for the reason,

that he failed to take requisite steps to charge Mrs. Clark as *endorser*, according to the rules of the law merchant.

We propose to consider and dispose of the case upon the ground on which the counsel put it in the argument.

We are unable to assent to the position assumed by the counsel for the defendants, that the orator's right to enforce his security is only co-extensive with, and limited by, his right to maintain a suit at law, as endorsee, against Mrs. Clark, as endorser of the note in question.

The condition of the mortgage, neither expressly nor by implication, contains any such limitation ; but on the contrary, in the most explicit and comprehensive terms, it provides that she shall pay, or cause the note to be paid.

We are clear that there is no principle, or case, which would allow her to stand upon the mere technicality of an arbitrary rule of commercial law, and, independently of any question, whether she had been put to any prejudice, in fact, by the course taken by the orator in reference to the note, stand upon the same ground, in reference to the security, as if, on the one hand, the note had been paid, or, on the other, the orator had, through fault on his own part, put her in a position of loss and detriment, in reference to her rights as against the maker of the note.

It is not claimed, as a ground of defence, that she has been put in any such prejudicial condition in point of fact.

We are unanimous in the opinion, that, in order to hold the orator disentitled to resort to the security of the mortgage, it should be shown that he has taken a course with the note, not only in disregard of the rules of commercial law on the subject, but such as, in fact, would subject Mrs. Clark to loss and detriment, in reference to her right and ability to successfully resort to the maker.

It would seem, in reference to the rights and duties of the orator, *under his mortgage,* that Mrs. Clark occupies a position nearly the same as if she had signed the note as surety, and given the mortgage to secure its payment. In such case something more than mere delay in proceeding to collect the note—something more than the mere non-observance of some technical

Mitchell *v.* Clark et al.

rule, that did not necessarily work prejudice and injury, would be required in order to acquit the pledged security of the lien.

Nor is it true, in other cases, that the right to enforce a mortgage security is limited to the right to sustain an action at law for the indebtedness. A familiar instance is that of the enforcement of the mortgage security, after the debt is barred, at law, by the statute of limitations.

The true view of the subject seems to be, that, either the debt itself must become discharged, so that it no longer exists as an indebtedness, or the mortgagor must become discharged from the pledge created by the mortgage.

In this case the mortgage is not given to secure merely the fulfillment of Mrs. Clark's liability as endorser, but to secure the fulfillment of Darling's liability as maker of the note. Until Darling's liability to pay should have become satisfied, the orator would have the right to resort to the security, unless he has precluded himself from that right, by conduct so to the prejudice of Mrs. Clark, as to discharge, as against her, his right to hold the pledge.

The mere fact of non-presentment and failure to give notice, in compliance with the rules of the law merchant, does not work such a discharge of the pledge.

In this view, it becomes useless to discuss the evidence, or to take time in considering whether, in point of fact, there was such failure to make presentment and demand, and to give notice of refusal or neglect to pay.

The decree is affirmed.